IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21698-CIV-COOKE/BANDSTRA

GROVENOR HOUSE, L.L.C.,

    Plaintiff,

v.

E.I. DU PONT DE NEMOURS AND
COMPANY,

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS
AND
INCORPORATED MEMORANDUM OF LAW**

Defendant E.I. Du Pont Nemours and Company ("DuPont") moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Counts I, II, and III of the Complaint for failure to state a claim.

In support of this motion, DuPont submits the memorandum of law below.

**MEMORANDUM OF LAW**

**I.  INTRODUCTION**

This is a breach of warranty case. Plaintiff's problem is, however, that no legally cognizable "warranty" exists between the Plaintiff and DuPont, either express or implied, because Plaintiff did not (and cannot) allege that it purchased the allegedly defective product directly from DuPont. As a result, the warranty claims in Counts I and III must be dismissed for failure to state a claim.

Count II, which alleges a claim for negligent misrepresentation, fares no better, Count II fails to meet the requisite particularity required for pleading claims of misrepresentation and, assuming that the Court finds that privity has been alleged, is barred by Florida's economic loss rule.

Accordingly, Counts I, II, and III of the Complaint should be dismissed.

## II. **FACTUAL BACKGROUND**

*The factual allegations of the Complaint are taken as true for the purposes of this motion only*:

Grovenor House is the developer of the Grovenor House Condominium located in Coconut Grove, Florida. Complaint ¶ 6. In developing the Grovenor House Condominium, Grovenor House, L.L.C considered different entrance canopies to be constructed at the Grovenor House Condominium. *Id.* ¶ 7.

DuPont manufactures a laminating material product known as SentryGlas® Plus interlayer, which Grovenor House, L.L.C considered and ultimately used at the Grovenor House Condominium. *Id.* ¶ 8.

In the summer/autumn of 2004, Grovenor House, L.L.C. and DuPont representatives met to discuss the use of SentryGlas® Plus interlayer product for the glass panels at the entrance canopy for the Grovenor Condominium. During this meeting, DuPont represented to Grovenor House L.L.C. that there would not be any problems with using the SentryGlas® Plus interlayer product for the entrance canopy glass at the Grovenor House Condominium, that the SentryGlas® Plus interlayer product was a quality product and would provide adequate long term performance, and that the SentryGlas® Plus system would work and properly perform when incorporated into the entrance canopy glass system. *Id.* ¶ 10.

2

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

Grovenor House, L.L.C. also claims that through DuPont's written material and other marketing documentation that the SentryGlas® Plus interlayer:

    a.     Is stiffer and tougher than PVB (polyvinyl butyral)

    b.     Is five times stronger and 100 times stiffer than traditional interlayer/conventional laminating materials.

    c.     Helps create glass that protects against bigger storms, larger impacts, and heavier loads.

    d.     Is in excellent choice for facades that have open edges and minimal support.

    e.     Is stiffer and tougher than conventional interlayers.

    f.     Is extremely durable and resistant to clouding, even after years of exposure.

    g.     That because of its superior rigidity and toughness, everything from sliding doors to minimally supported glass canopies can enjoy new design possibilities.

*Id.* ¶ 11.

In reliance upon these purported representations, Grovenor House, L.L.C. allegedly "decided to use" DuPont's SentryGlas® Plus interlayer product for the entrance canopy glass at the Grovenor House Condominium. *Id.* ¶12. Following its use, however, glass panels began to delaminate and failed to function as represented by DuPont. *Id.* ¶ 13. Grovenor House, L.L.C. has made demands upon DuPont to resolve this situation and DuPont has refused. *Id.* ¶ 14.

On June 22, 2009, Grovenor House, L.L.C. filed this complaint in state court alleging:

    Count I:     Breach of Statutory Warranty, Fla. Stat. § 718.203

    Count II:     Negligent Misrepresentation

    Count III:     Breach of Express Warranty

On June 19, 2009, DuPont removed the case to this Court. [D.E. 1]

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

### III. ARGUMENT

#### A. Applicable Governing Standards

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Boyer v. Board of County Comm'rs,* 922 F. Supp. 476, 482 (D.Kan.1996), *aff'd,* 108 F.3d 1388, *citing Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993); *Mitchell v. Farcass,* 112 F.3d 1483, 1487 (11th Cir.1997); *Mannings v. Board of Public Instr. of Hillsborough County, Fla.,* 277 F.2d 370, 372 (5th Cir.1960). The court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient." *In re Mosello,* 190 B.R. 165, 168, *aff'd,* 193 B.R. 147, *aff'd,* 104 F.3d 352 (Bankr.S.D.N.Y.1995), *citing Festa v. Local 3, Int'l Brotherhood of Elec. Workers,* 905 F.2d 35, 37 (2d Cir.1990).

The Supreme Court expressed a new standard in *Bell Atlantic Corp., et al. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), holding:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... [f]actual allegations must be enough to raise a right to relief above the speculative level ...

In doing so, the Court emphasized that it was not requiring a fact pleading of specifics, but only enough facts to show that a claim to relief is plausible. *Id.,* at 1974. The *Twombly* Court expressly abandoned a literal reading of the "no set of facts" language announced in *Conley v. Gibson. Id.* at 1969. *See Conley v. Gibson,* 355 U.S. 41, 45-6 (1957) (dismissal of a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief).

All well-pleaded factual allegations and reasonable inferences from those allegations must be accepted as true in ruling upon a motion to dismiss. *Oladeinde v. City of Birmingham,*

4

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

963 F.2d 1481, 1485 (11th Cir.1992) (citation omitted), *cert. denied,* 507 U.S. 987 (1993). However, this does not mean "that every statement in a complaint must be accepted as true." *In re Mosello,* 190 B.R. at 168. The "court need not accept 'sweeping and unwarranted averments of fact.' " *Id., citing Perniciaro v. Natale,* 136 B.R. 344, 348 (E.D.N.Y.1992), *quoting Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C.Cir.1987). Claims which "rely upon conclusory statements of law" need not be accepted. *Northern Trust Co. v. Peters,* 69 F.3d 123, 129 (7th Cir.1995). Conclusory statements and their inferences "are not sufficient to defeat a motion to dismiss for failure to state a claim." *Northern Trust Co.,* 69 F.3d at 129; *see also Quality Foods de Centro America,* 711 F.2d 989, 995 (11th Cir.1983) (finding "[c]onclusory allegations that defendant violated the antitrust laws and plaintiff was injured thereby will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief.")

**B. Counts I and III (the Warranty Claims) Must Be Dismissed For Lack Of Privity of Contract Between Grovenor House, L.L.C. and DuPont.**

Plaintiff alleges two warranty claims. In Count I, Plaintiff alleges that DuPont has breached an <u>implied</u> warranty of fitness as to materials supplied in violation of Fla. Stat. § 718.203(2)(a)[1] as the "SentryGlas® Plus laminating material it supplied for the Grovenor House

---

[1] The relevant section provides:

**718.203 Warranties.—**

. . .

(2) The contractor, and all subcontractors and suppliers, grant to the developer and to the purchaser of each unit implied warranties of fitness as to the work performed or materials supplied by them as follows:

(a) For a period of 3 years from the date of completion of construction of a building or improvement, a warranty as to the roof and structural components of the building or improvement and mechanical and plumbing elements serving a building or an improvement, except mechanical elements serving only one unit.

5

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

Condominium's entrance glass canopy system has failed and continues to fail." Complaint ¶¶ 18-19. In Count III, Plaintiff alleges that DuPont breached an <u>express</u> warranty[2] to the Grovenor House, L.L.C. that its SentryGlas® Plus interlayer laminating material would properly work and function in the glass canopy panels for the Grovenor House Condominium. Complaint ¶¶ 27-28. Both of these claims must fail for the same basic reason.

Under Florida law, privity of contract is an essential element of a claim for breach of an express or implied warranty. *See Insurance Company of N. America v. American Marine Holdings*, 5:04-cv-86-Oc-10GRJ, 2005 U.S. Dist. LEXIS 39707, at n. 20 (M.D. Fla. Nov. 28, 2005). In *American Marine*, the Court relied upon Florida state law and recognized that claims for breach of implied and express warranties in admiralty required privity of contract between the parties. *Id. citing Kramer v. Piper Aircraft Corp*, 520 So.2d 37 (Fla. 1988). *See also Spolski Gen. Contractor, Inc. v. Jett-Aire Corp. Aviation Mgmt. of Cent. Fla., Inc.*, 637 So.2d 968, 970 (Fla. 5th DCA 1994) (manufacturer of floor paint could not be held liable to general contractor for breach of express warranties, where there was no sale from manufacturer to contractor, no privity between them, no contract between them, no reliance by contractor on any warrant, and no warranty was given to contractor); *Intergraph Corp. v. Stearman*, 555 So.2d 1282, 1283 (Fla.

---

(b) For a period of 1 year after completion of all construction, a warranty as to all other improvements and materials.

[2] An express warranty is a contract like any other. *Whitehead v. Rizon East* Ass'n, 425 So. 2d 627, 629 n. 5 (Fla. 4th DCA 1983). To assert a cause of action for breach of express warranty under Florida law, a purchaser must allege that the manufacturer did not comply with the express warranty's terms. The consumer must allege that the manufacturer refused or failed to adequately repair a covered item. *Brisson v. Ford Motor Co.*, 602 F.Supp.2d 1227, 1231 (M.D. Fla. 2009). A warranty itself is not breached simply because a defect occurs. "A repair-or-replace warranty is breached only if the warrantor does not remedy the covered defects within a reasonable time." *Id.* n. 3.

6

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

2d DCA 1990) ("Privity is required in order to recover damages from the seller of a product for breach of express or implied warranties."); *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842 (N.D. Fla. 1995) (dismissing UCC claims against surgical implant manufacturer based on implied and express warranties where there was no privity of contract under Florida law, and stating "[t]he law of Florida is that to recover for the breach of a warranty, either express or implied, the plaintiff must be in privity of contract with the defendant.... A plaintiff who purchases a product, but does not buy it directly from the defendant, is not in privity with that defendant.").

Here Plaintiff has failed to allege that it purchased SentryGlas® Plus from DuPont and was, therefore, in privity of contract. It does not because it cannot. Instead, Plaintiff cleverly (but transparently) alleges only that it "decided to use DuPont's SentryGlas® Plus interlayer product for the entrance glass at the Grovenor House Condominium." Complaint ¶ 12. "Decided to use" is insufficient to plead a direct manufacturer and purchaser relationship.

Accordingly, Plaintiff has not alleged sufficient facts that would demonstrate privity and, therefore, Counts I and III must be dismissed. *Twombly,* 550 U.S. 544 ("[f]actual allegations must be enough to raise a right to relief above the speculative level ...").

C.   **Count II (Negligent Misrepresentation) Also Fails.**

Plaintiff alleges in Count II that DuPont was negligent in making the misrepresentation that "SentryGlas® Plus interlayer product would adequately and properly function and work in the entrance canopy glass panels for the Grovenor House Condominium (*and as further alleged in paragraphs 10-11*)." Complaint ¶¶ 22-23 (emphasis added). This count too fails as plead.

7

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

1. **<u>Plaintiff Has Not Plead With the Requisite Particularity</u>**.

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." These requirements are designed "to protect defendants from frivolous suits, or 'spurious charges of ... fraudulent behavior.' " *Box Office Entertainment, LLC v. Brian D. Gordon, C.P.A.*, 2007 WL 1362898, *7 n. 3 (S.D. Fla. May 9, 2007) (quoting *U.S. v. Lab Corp. Am. Inc.*, 290 F.3d 1301, 1313 n.24 (11th Cir. 2002)). The Eleventh Circuit has explained that Rule 9(b) requires that complaints asserting fraud-based causes of action set forth "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380 (11th Cir. 1997).[3] In short, Plaintiff must "allege the 'who, what, where, when and how' to survive a motion to dismiss." *Anderson v. Smithfield Foods, Inc.*, 207 F. Supp. 2d 1358, 1362 (M.D. Fla. 2002).

In this regard, Count II is deficient under Rule 9(b). First, it fails to identify what particular statements were allegedly false or fraudulent, how they were false, and when the statements were allegedly made or provided to Plaintiff. For example, in paragraph 10 of the Complaint, Plaintiff does not allege who said what with specificity. Similarly, in paragraph 11 Plaintiff refers to "written material and other marketing documentation" without specifically

---

[3] These heightened pleading requirements are consistent with the basic elements Plaintiff must allege for negligent misrepresentation. *See Atlantic Nat'l Bank of Fla. v. Vest*, 480 So. 2d 1328, 1331-32 (Fla. 2d DCA 1985) ("In order to be actionable, a suit for negligent misrepresentation must contain the following elements: (1) misrepresentation of a material fact; (2) the representor must either know of the misrepresentation, must make the the representation without knowledge as to its truth or falsity, or must make the representation under circumstances in which he ought to have known of its falsity; (3) the representor must intend that the representation induce another to act on it; (4) injury must result to the party acting in justifiable reliance on the misrepresentation.").

8

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

identifying the material and the statements set forth in the material. The law is clear that fraud-based claims cannot survive a Rule 9(b) motion to dismiss where plaintiffs do not specify how they were misled. *See, e.g., In re Managed Care Litig.,* 150 F. Supp. 2d 1330, 1347 (S.D. Fla. 2001) (dismissing claims where plaintiffs failed to "fully identify which materials were received or which advertisements were actually viewed").

### 2. Count II Is Barred By Florida's Economic Loss Rule.

As discussed *supra*, Plaintiff has not alleged contractual privity and, therefore, its warranty claims cannot stand. If, however, the Court determines that Plaintiff has alleged privity, then Plaintiff's negligent misrepresentation claim in Count II is barred by the economic loss rule.

"The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." *Indemnity Ins. Co. of North Am. v. Am. Aviation, Inc.,* 891 So.2d 532, 536 n. 1 (Fla.2004) (also explaining that "[e]conomic losses are, simply put, disappointed economic expectations"). As explained in *American Aviation,* Florida courts have applied the economic loss rule in two different contexts. "The first is when the parties are in contractual privity and one party seeks to recover damages in tort for matters arising from the contract." *Id.* at 536.

With respect to this context (which the Florida Supreme Court has labeled the "contractual privity economic loss rule"), the rule was developed "to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." *Id.* "Underlying this rule is the assumption that the parties to a contract have allocated the economic risks of nonperformance through the bargaining process." *Id.* As the Florida Supreme Court further explained:

9

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

> A party to a contract who attempts to circumvent the contractual agreement by making a claim for economic loss in tort is, in effect, seeking to obtain a better bargain than originally made. Thus, when the parties are in privity, contract principles are generally more appropriate for determining remedies for consequential damages that the parties have, or could have, addressed through their contractual agreement. Accordingly, courts have held that a tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract.

*Id.* at 536-537; *see also Vesta Const. and Design, L.L.C. v. Lotspeich & Associates, Inc.*, 974 So.2d 1176, 1179 (Fla.5th DCA 2008).[4]

Accordingly, because Plaintiff is limited by the parties' contract – assuming Plaintiff is alleging privity of contract – the tort claim of negligent misrepresentation[5] is, therefore, barred.

---

[4] The second context for application of the economic loss rule arises "when there is a defect in a product that causes damage to the product but causes no personal injury or damage to other property." *Id.* at 536. "In contrast to the contractual privity economic loss rule, which developed to protect the integrity of the contract, the products liability economic loss rule developed to protect manufacturers from liability for economic damages caused by a defective product beyond those damages provided for by warranty law." *Id.* at 537-38. In summary, only those in privity with a manufacturer were originally allowed to sue the manufacturer for damages proximately caused by its defective product. Courts later expanded manufacturers' potential liability by recognizing a cause of action in negligence for those who suffered personal injury or property damage proximately caused by a defective product, even if not in contractual privity with the manufacturer. *See id.* at 538-41; *see also, Monroe v. Sarasota County School Bd.,* 746 So.2d 530, 534-37 (Fla. 2d DCA 1999). The products liability economic loss rule draws a line here, however, and does not generally allow a third party (not in privity with the tortfeasor) to recover against the manufacturer of a product when the product causes only economic losses. *Am. Aviation,* 891 So.2d at 538-41. This rule is of no relevance here.

[5] Although *American Aviation* does, in summary fashion, list negligent misrepresentation as an economic loss rule exception, it is clear from a thorough review of Florida case law that "not all negligent misrepresentation claims are excepted from the contractual privity economic loss rule," *Vesta Const. and Design, LLC v. Lotspeich & Associates, Inc.,* 974 So.2d 1176, 1179 (Fla.5th DCA 2008). Where, as here, "the fraud complained of relates to the performance of the contract [assuming Plaintiff is pleading privity], the economic loss doctrine will limit the parties to their contractual remedies." *Allen v. Stephan Co.,* 784 So. 2d 456, 457 (Fla. 4th DCA 2000). *See also Dantzler Lumber & Export Co. v. Bullington Lumber Co., Inc.,* 968 F. Supp. 1543, 1547 (M.D. Fla. 1997) (dismissing fraud claim and providing that "[e]ven allegations that the fraud induced the plaintiff to perform additional acts ... will not raise the fraud to an acceptable level of independence"). Thus, claims for fraud and misrepresentation that relate to the breaching parties' performance of a contract do not amount to an independent tort. *See id.; see also Argonaut Development Group, Inc. v. SWH Funding Corp.,* 150 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001) (citations omitted) ("where a contract exists, a tort action will lie only for intentional or negligent acts that are independent from the acts that breach the contract").

10

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

## IV. CONCLUSION

For the foregoing reasons, Defendant E.I. Du Pont Nemours and Company requests that this Court dismiss Counts I, II, and III of the Complaint.

                Respectfully submitted:

                s/NELSON C. BELLIDO
                Nelson C. Bellido
                Florida Bar No.: 974048
                Scott A. Burr
                Florida Bar No.: 0099325
                CONCEPCION SEXTON & MARTINEZ
                355 Alhambra Circle, Suite 1250
                Coral Gables, Florida 33134
                Telephone: (305) 444-6669
                Facsimile: (305) 444-3665

                *Counsel for the Defendant*
                *E.I. Du Pont Nemours and Company*

DATE: July 13, 2009

11

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

CASE NO. 09-21698-CIV-COOKE/BANDSTRA

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

              s/NELSON C. BELLIDO
              Nelson C. Bellido
              Florida Bar No.: 974048

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

CASE NO. 09-21698-CIV-COOKE/BANDSTRA

## SERVICE LIST
*Grovenor House, L.L.C. v. E.I. Du Pont Nemours and Co.*
Case No. 09-21698-CIV-COOKE/BANDSTRA
United States District Court, Southern District of Florida

Daniel L. Wallach
Steven B. Lesser
Ken W. Goff
Becker & Poliakoff, P.A.
3111 Stirling Road
Ft. Lauderdale, Florida 33312

**Counsel for Plaintiff**

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com