UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 09-21698 CIV COOKE/BANDSTRA

GROVENOR HOUSE, LLC.,

    *Plaintiff*,

v.

E.I.. DU PONT DE NEMOURS AND CO.,

    *Defendant.*

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CASE is before me on Defendant's Motion to Dismiss [D.E. 3]. I have reviewed the arguments, the complaint, and the relevant legal authorities. For the reasons explained below, the motion to dismiss is denied.

### I. BACKGROUND[1]

The Plaintiff, Grovenor House, L.L.C., is the developer of the Grovenor House Condominium, located in Coconut Grove, Florida. The Defendant, E.I.. Du Pont Nemours and Company, is a manufacturer of a laminating material product known as SentryGlas®. During construction of the condominium, representatives from Dupont met with Plaintiff's representatives in Miami, Florida. At this meeting the Parties discussed using Dupont's SentryGlas® product for the glass panels at the entrance canopy of the Grovenor condominium. Dupont assured the Grovenor House representatives that the SentryGlas® was a quality product and would provide adequate long term performance, and that the SentryGlas® would work and

---

[1] These facts are taken from Grovenor House's complaint. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

perform properly when incorporated into the entrance canopy glass system.

Based on Dupont's representations and assurances, Grovenor House decided to use the SentryGlas® for the entrance canopy glass at Grovenor House Condominium.  After construction was completed, the SentryGlas® began to delaminate and failed to function as represented by the Dupont representatives.  Grovenor House filed this lawsuit against Dupont alleging breach of an implied warranty of fitness (count I), negligent misrepresentation (count II), and breach of an express warranty (count III).  Dupont has moved to dismiss all three of Grovenor House's counts.

## II.  LEGAL STANDARDS

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

When considering a motion to dismiss, filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

### III. ANALYSIS

A.     **Breach of Implied Warranty of Fitness (Count I)**

Grovenor House alleges that Dupont, as a supplier of materials to a condominium, owed a statutorily imposed warranty of fitness, pursuant to Florida Statute section 718.203(2). Dupont argues that this claim must be dismissed, since Grovenor House has not alleged that it purchased the SentryGlas® from Dupont, and thus it is not in privity with Dupont.

The general rule is that "[p]rivity is required in order to recover damages from the seller of a product for breach of express or implied warranties." *Intergraph Corp. v. Stearman*, 555 So. 2d 1282, 1283 (Fla. Dist. Ct. App. 1990). Under Florida law, however, a contractor of a condominium, "and all subcontractors and suppliers" are statutorily required to "grant to the developer and to the purchaser of each [condominium] unit implied warranties of fitness as to the work performed or materials supplied by them." Fla. Stat. § 718.203(2) (2004). This implied warranty, created by statute, stands in contrast to the general rule, since ordinarily a subcontractor or supplier are not in privity with a condominium unit owner. *Cf. Charley Toppino & Sons, Inc. v. Seawatch at Marathon Condo. Ass'n*, 658 So. 2d 922, 923-25 (Fla. Dist. Ct. App. 1994) (permitting a suit brought by unit owners through the condominium association against manufacturers and suppliers of materials used in the construction of the condominium).

Under the plain language of Florida Statute section 718.203(2), privity between the developer and a supplier is not required to recover damages for the breach of the implied warranty created by this statute. Here, Grovenor House has alleged that is was the developer of a condominium, and that Dupont was the supplier of materials to that condominium project. Those allegations are sufficient, under Florida law, to establish the existence of an implied

warranty, which Grovenor House contends Dupont breached. Dupont's motion to dismiss Count I is denied.

**B.     Negligent Misrepresentation (Count II)**

Grovenor House alleges, (1) Dupont made misrepresentations of material facts regarding the SentryGlas® product, (2) intending to induce Grovenor House to rely on those misrepresentations, and (3) that Grovenor House justifiably relied on those representations. Dupont attacks this Count, arguing that Grovenor House has failed to plead with the requisite particularity since this is a claim based on fraud or mistake. Dupont also argues, since Grovenor House is alleging that it is in contractual privity with Dupont that the negligent misrepresentation claim is barred by Florida's economic loss rule.

Since an action for "negligent misrepresentation" is based on fraud rather than negligence, a plaintiff asserting this claim "must state with particularity the circumstances constituting fraud." *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1511 (11th Cir.1993); Fed. R. Civ. P. 9(b).[2] A plaintiff may satisfy Rule 9(b)'s particularity requirement by stating: (1) precisely what statements or omissions were made, (2) the time and place of each statement and the person responsible for making (or, in the case of omissions, not making certain statements); (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997).

Grovenor House's complaint clearly states, with sufficient particularity, the

---

[2] The purpose of Rule 9(b) is to alert defendants to the precise misconduct with which they are accused and to protect defendants from contrived charges of fraudulent behavior. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997). Rule 9(b) does not, however, abrogate the concept of notice pleading. *Id.* at 1371.

circumstances that it alleges constitute Dupont's fraud. Paragraph nine of the complaint sets out, in great detail, the exact representatives from Dupont who met with Grovenor House's representatives, and a fairly precise time frame as to when this meeting occurred. Grovenor House also includes, in paragraphs ten and eleven of the complaint, extensive details about the specific misrepresentations that it alleges Dupont made. Grovenor House's complaint fully satisfies the purpose of Rule 9(h) – it alerts Dupont to the precise misconduct of which it is accused.

Dupont's alternative argument, that the negligent misrepresentation claim is barred by Florida's economic loss rule, also fails since Grovenor House has not alleged that it is in contractual privity with Dupont. *Cf. Vesta Constr. & Design, L.L.C. v. Lotspeich & Assocs., Inc.*, 974 So. 2d 1176, 1180-81 (Fla. Dist. Ct. App. 2008) (noting that, although there are exceptions, the general rule is that the economic loss doctrine does not apply to tort claims where there is no contractual relationship between the parties). Dupont's motion to dismiss count II is denied.

C.  **Breach of Express Warranty**

Grovenor House alleges that Dupont expressly warranted that the SentryGlas® product would work properly in the canopy panels of the Grovenor House Condominium, and that Dupont has breached this warranty, as the SentryGlas® is not functioning properly. Dupont argues that this claim must be dismissed, since Grovenor House has not alleged that it purchased the SentryGlas® product from Dupont, and thus it is not in privity with Dupont.

Privity of contract is not always required to sustain a breach of warranty claim. *Compare Intergraph Corp. v. Stearman*, 555 So. 2d 1282, 1283 (Fla. Dist. Ct. App. 1990) *with Cedars of Lebanon Hosp. Corp. v. Eur. X-Ray Distribs. of Am. Inc.*, 444 So.2d 1068, 1072 (Fla. Dist. Ct.

App. 1984).  Where a manufacturer's representatives have had direct contacts with a purchaser, and have made representations regarding the product, which the purchaser relied on, the purchaser has a cause of action for breach of express warranty, even if the purchaser is not in contractual privity with the manufacturer.  *Carnival Corp. v. Rolls-Royce PLC*, No. 08-23318, 2009 WL 3861450, at *3 (S.D. Fla. Nov. 17, 2009).

Grovenor House has alleged that it met with Dupont representatives, who made representations regarding adequacy of the SentryGlas® for the Grovenor House Condominium. These facts are sufficient to give rise to a claim for breach of express warranty, despite the fact that Grovenor House never purchased the SentryGlas® directly from Dupont, and is thus not in contractual privity.  Accordingly, Dupont's motion to dismiss count III is denied.

### IV.  CONCLUSION

For the reasons explained above, Defendant's Motion to Dismiss [D.E. 3] is **DENIED**. Relatedly, Defendant's Motion to Stay Discovery pending the Court's consideration of the Motion to Dismiss [D.E. 9] is **DENIED**; Plaintiff's Motion to File Sur-Reply [D.E. 10] is **DENIED**; and Plaintiff's Motion for Extension of Time to File Opposition in Response to Defendant's Motion to Stay [D.E. 12] is **DENIED** as moot.

**DONE and ORDERED** in chambers, at Miami, Florida, this 8th day of March 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*All counsel of record*