UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21698-Civ-COOKE/BANDSTRA

GROVENOR HOUSE, L.L.C.,

   Plaintiff

vs.

E.I. DU PONT DE NEMOURS AND COMPANY,

   Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO STRIKE CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES**

THIS CASE is before me on Plaintiffs Motion to Strike Certain Affirmative Defenses of Defendant E.I. Du Pont De Nemours and Company [ECF No. 120], filed on April 16, 2009. I have reviewed the motion, the arguments, and the relevant legal authorities.  For the reasons explained in this Order, the motion to strike certain affirmative defenses is granted in part and denied in part.

## I. Background[1]

The Plaintiff, Grovenor House, L.L.C., is the developer of the Grovenor House Condominium, located in Coconut Grove, Florida.  The Defendant, E.I.. Du Pont Nemours and Company, is a manufacturer of a laminating material product known as SentryGlas®.  Grovenor House, L.L.C. used the SentryGlas® material for the entrance canopy glass at Grovenor House Condominium.  After construction was completed, the SentryGlas® began to delaminate and failed to function.  Grovenor House, L.L.C. filed this lawsuit against Du Pont alleging breach of an implied warranty of fitness, negligent misrepresentation, and breach of an express warranty.

---

[1] These facts are taken from Grovenor House, L.L.C.'s complaint.

Du Pont answered the complaint and asserted twenty-nine affirmative defenses. (Answer ECF No. 85]). Grovenor House, L.L.C. now moves to strike DuPont's First, Second, Third, Fourth, Eighth, Ninth, Tenth, Eleventh, Twelfth, Fifteenth, Sixteenth,[2] Seventeenth, Eighteenth, Twenty-first,[3] Twenty-Second, Twenty-Fourth, Twenty-Sixth and Twenty-Ninth Affirmative Defenses. (Mot. to Strike Affirmative Defenses [ECF No. 120]).

## II. LEGAL STANDARDS

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A court should not strike a pleading, however, "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). "In evaluating a motion to strike, the Court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." *Id.*

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright* v. *Southland Corp.,* 187 F.3d 1287 (l1th Cir. 1999). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). "An affirmative defense raises matters extraneous to the plaintiff's *prima facie* case; as such, they are derived from the common law plea of 'confession and avoidance.'" *Id.* (quoting *Ford Motor Co. v. Transp. Indem. Co.*, 795 F.2d 538, 546 (6th Cir. 1986) (citation omitted)).

---

[2] Du Pont has agreed to voluntarily withdraw its Fifteenth and Sixteenth Affirmative Defenses, for unclean hands and laches, estoppel, and/or waiver, respectively, provided that no equitable relief is requested by Grovenor House, L.L.C.

[3] Du Pont has agreed to voluntarily withdraw its Twenth-First Affirmative Defense. (Def.'s Mem. In Opp'n to Pl.'s Mot. for Summ. J. 2 [ECF No. 192]).

2

"Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8(a), which generally requires only a short and plain statement of the defense asserted." *Microsoft Corp.* v. *Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citation omitted).  Rule 8 does not require that a defendant set forth his defense with particularity, however, the defendant must plead enough facts to state a claim to relief that is plausible on its face.  *See Bell Atl. Corp.* v. *Twombly,* 550 U.S. 544, 570 (2007).

When considering a motion to strike affirmative defenses, the court must look at whether the defense is legally sufficient to provide "fair notice" of the nature of the defense.  "An affirmative defense will only be stricken . . . if the defense is insufficient as a matter of law." *Jesse's Computers & Repair, Inc.,* 211 F.R.D. at 683 (citation omitted).  "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.*  "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant."  *Reyher*, 881 F. Supp. at 576.  (quoting *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962).

### III. DISCUSSION

*A.  First and Twelfth Affirmative Defense*

In its first affirmative defense, Du Pont alleges Grovenor House is not entitled to relief because the damages allegedly sustained were caused in whole or in part by the acts or omissions of "third parties, non-parties, entities, persons, force or instrumentalities outside and beyond the control of Du Pont."  (Answer 5 [ECF No. 85]).  In its twelfth affirmative defense, Du Pont argues that Grovenor House's recovery should be barred in proportion to its negligence or the negligence of a "third party defendant, other non-party, entity or person."  (*Id.* at 6).

Grovenor House argues these affirmative defenses are nothing more than bare bones conclusions that fail to comply with Rule 8(a).  Grovenor House further argues that Du Pont fails to identify any of the acts or omissions and fails to identify any of the third parties, non-parties, entities, persons, forces or instrumentalities that contributed to Grovenor House's damages.  Du Pont responds to these affirmative defense by arguing that "[i]n its answers [to interrogatories], Du Pont provided Plaintiff with comprehensive answers relating to each of [Grovenor House's] Affirmative Defenses."  (Mem. in Opp'n 4 [ECF No. 137]).

As a threshold issue, Du Pont's reference to its answers to interrogatories is inappropriate in this context, since a court cannot consider matters beyond the pleadings in evaluating a motion to strike.  *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).  I agree that Du Pont's first and twelfth affirmative defenses, as pleaded, are legally insufficient.  Without establishing what acts or omissions Du Pont is alluding to, and what third parties, non-parties, entities, persons, forces or instrumentalities Du Pont is referring to, the affirmative defenses fail to provide fair notice to Grovenor House as to the nature of the defenses.  Accordingly, Grovenor House's motion to strike this first and twelfth affirmative defenses will be granted, and the affirmative defenses will be stricken without prejudice.

**B.  *Second Affirmative Defense***

Du Pont's second affirmative defense asserts that Grovenor House's own actions or omissions prevent either partial or full recovery.  (Answer 5 [ECF No. 85]).  Grovenor House argues that this defense is insufficient and does not identify what actions or inaction, on its part, would block its right to recover.  Du Pont again references its answers to interrogatories that, as explained, cannot be considered for purposes of this motion to strike.

DuPont's second affirmative defense does not fully satisfy the pleading requirements of Rule 8(a), because there are no factual allegations to support the conclusory statement. This affirmative defense does not put Grovenor House on notice of what actions or inactions that constitute this affirmative defense. There is not sufficient information here to make Grovenor House aware of the grounds and nature on which this defense stands. It is so vague that Grovenor House cannot reasonably be expected to respond to it. For these reasons, Grovenor House's motion to strike this affirmative defense is granted, and the second affirmative defense is stricken without prejudice.

### *C. Fourth, Eighth, Twenty-Fourth and Twenty-Ninth Affirmative Defenses*

Grovenor House argues that Du Pont's Fourth, Eighth, and Twenty-Fourth affirmative defenses should be stricken because they are denials, not affirmative defenses. (Mot. to Strike 4, 8-10 [ECF No. 120]). DuPont argues that whether they are deemed affirmative defenses or specific denials, it would be improper to strike the defenses. (Mem. in Opp'n 7 [ECF No. 137]).

Where a defendant mislabels a denial as an affirmative defense, the proper remedy is not to strike the claim, but rather to treat it as a specific denial. *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007). Du Pont's Fourth, Eighth, and Twenty-Fourth affirmative defenses are specific denials, as opposed to affirmative defenses. Although improperly labeled, these defenses will not be stricken, as there is no prejudice. The Plaintiff's motion to strike these affirmative defenses is denied.

### *D. Third, Ninth, Tenth, and Eleventh Affirmative Defenses*

Du Pont's third, ninth, tenth, and eleventh affirmative defenses all allege that Grovenor House is bound by the terms of the invoices evidencing sale of the product manufactured by DuPont. Grovenor House argues that these affirmative defenses are legally insignificant since

the invoices were between third party Vetreria Longianese, SRL and Du Pont, and that Grovenor House cannot be bound to terms and conditions of a contract to which they are not a party.

These affirmative defenses provide sufficient detail to place Grovenor House on fair notice of the nature of Du Pont's defenses, respectively. It cannot be said that these affirmative defense are invalid as a matter of law at this point in the litigation. Any legal argument regarding the sufficiency of Du Pont's legal theories supporting these affirmative defenses may be argued at a later stage of this case. For these reasons, Grovenor House's motion to strike Du Pont's third, ninth, tenth, and eleventh affirmative defenses is denied.

### E.  *Seventeenth and Twenty-Second Affirmative Defenses*

Du Pont's seventeenth affirmative defense asserts that Grovenor House's has failed to state a cause of action on which relief can be granted. (Answer 8 [ECF No. 85]). Du Pont's twenty-second affirmative defense argues that Du Pont was not in privity with Grovenor House and therefore no cause of action for breach of warranty exists. (Answer 9). Grovenor House responds, pointing out that this Court has already denied Du Pont's Motion to Dismiss, which included both of these arguments. Grovenor House is correct. I previously denied Du Pont's Motion to Dismiss addressing these exact arguments. (Order Den. Def.'s Mot. to Dismiss [ECF No. 77]). Accordingly, these affirmative defenses are clearly invalid as a matter of law. Grovenor House's motion to strike Du Pont's seventeenth and twenty-second affirmative defenses is granted. Du Pont's seventeenth and twenty-second affirmative defenses are dismissed with prejudice.

### F.  *Eighteenth Affirmative Defense*

In its eighteenth affirmative defense Du Pont asserts, "Du Pont is not liable for damages proximately caused by non-parties." (Answer 8). Du Pont then provides an open-ended list of

non-parties who may be responsible for all or part of Grovenor House's damages.  Grovenor House argues that this affirmative defense is nothing more than a conclusory statement that does not satisfy the pleading requirements of Rule 8(a).  (Mot. to Strike 8 [ECF No. 120]).

Unlike Du Pont's first and twelfth affirmative defenses, this affirmative defense provides a detailed list of the non-parties that Du Pont contends is responsible for Grovenor House's damages.  In this manner, Du Pont has provided Grovenor House with fair notice of the nature of the defense, and this affirmative defense will not be stricken.  Grovenor House's motion to strike Du Pont's eighteenth affirmative defense is denied.

### G. Twenty-Sixth Affirmative Defense

Du Pont asserts that Grovenor House assumed the risk associated with the design of the canopy.  (Answer 10).  Grovenor House argues that Florida no longer recognizes an assumption of the risk defense but that, regardless of the form of the defense, it is legally insufficient and a bare bones conclusion.  (Mot. to Strike 9-10).

Under Florida law, assumption of risk as a defense merged with the defense of comparative negligence.  *Mosher* v. *Speedstar Div. of AMCA Int'l*, 979 F.2d 823, 826 n.11 (11th Cir. 1992).  Comparative negligence is an adequate defense when sufficiently pled.  Here, however, Du Pont's twenty-sixth affirmative defense provides only a bare legal conclusion but does not provide any facts that would suggest that that Grovenor House did not exercise a reasonable degree of care, as is required for an comparative negligence defense.  Since this affirmative defense does not state enough facts to suggest that a defense is plausible on its face, Grovenor House's motion to dismiss Du Pont's twenty-sixth affirmative defense is granted.  The twenty-sixth affirmative defense is dismissed without prejudice.

*H. Twenty-Ninth Affirmative Defenses*

Du Pont asserts that Grovenor House failed to perform all conditions precedent to the institution of this action. (Answer 10). Grovenor House argues that this affirmative defense is nothing more than a conclusion that fails to satisfy the pleading requirements of Rule 8(a). In response, Du Pont asserts that its answers to interrogatories provided Grovenor House with a comprehensive explanation regarding this affirmative defense. (Mem. in Opp'n 4 [ECF No. 137]). As explained in sub-section "A" above, Du Pont's discovery responses cannot be considered for purposes of this motion to strike.

Du Pont's twenty-ninth affirmative defense provides only a bare legal conclusion without any facts that would provide Grovenor House with fair notice as to what conditions precedent Du Pont' contends were not performed. Since this affirmative defense, as pleaded, does not state enough facts to present a defense that is plausible on its face, Grovenor House's motion to dismiss Du Pont's twenty-ninth affirmative defense is granted. The twenty-ninth affirmative defense is dismissed without prejudice.

## IV. CONCLUSION

For the reasons explained in this order, it is **ORDERED and ADJUDGED** that Plaintiff's Motion to Strike Certain Affirmative Defenses of Defendant E.I. Du Pont De Nemours and Company [ECF No. 120] is **GRANTED in part and DENIED in part**, as follows:

1. Du Pont's First, Second, Twelfth, Twenty-Sixth, and Twenty-Ninth affirmative defenses are **STRICKEN** without prejudice. Du Pont is granted leave to file an amended answer, <u>with respect to these affirmative defenses only</u>, within seven days of this order.

2. Du Pont's Seventeenth and Twenty-Second affirmative defense are **STRICKEN** with

prejudice.

3. Du Pont's Third, Fourth, Eighth, Ninth, Tenth, Eleventh, Eighteenth, and Twenty-Fourth affirmative defenses remain; the Motion to Strike is **DENIED** as to these affirmative defenses.

**DONE and ORDERED** in chambers, at Miami, Florida, this 12th day of August 2010.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*