UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21698-Civ-COOKE/BANDSTRA

GROVENOR HOUSE, L.L.C.,

    Plaintiff

vs.

E.I. DU PONT DE NEMOURS
AND COMPANY
_____/

## ORDER DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF THE PLAINTIFF'S EXPERT

THIS CASE is before me on the Defendant's Motion to Exclude Testimony of Plaintiff's Expert, June Willcott. I have reviewed the Parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this order, the Defendant's motion is denied.

### I. BACKGROUND

The Plaintiff, Grovenor House, L.L.C., is the developer of the Grovenor House Condominium, located in Coconut Grove, Florida. The Defendant, E.I. Du Pont de Nemours and Company, developed and produced a product known as SentryGlas® Plus (SGP), which is used as an interlayer in the process of fabricating laminated glass. A glass canopy covers the entryway of the Grovenor House Condominium. The glass canopy consists of over a hundred glass panels, numerous metal attachments, and Silicone around certain panels attached to a frame. Grovenor House alleges that the panes of glass are bonded together with DuPont's SGP product, and that the metal attachments are bonded to the laminates by the SGP as well. The glass is splitting apart, or delaminating, and must be replaced. Grovenor House contends that the SGP failed in the glass canopy, causing the delaminating. DuPont disputes that the SGP was defective.

Grovenor House asserts that, prior to constructing the canopy, DuPont assured Grovenor House representatives that SGP was a quality product, and that it would provide adequate long term performance if incorporated into the entrance canopy glass system. The general contractor for the Grovenor House Condominium, CMC Construction, Inc., subcontracted with an Italian company, Vetreria Longianese, S.R.L. ("Longianese") to manufacture and install the glass canopy at the Condominium. After the panels of glass began to delaminate. Grovenor House filed this lawsuit against Dupont alleging breach of a statutory implied warranty of fitness (count I), negligent misrepresentation (count II), and breach of an express warranty (count III).

## II. LEGAL STANDARDS

Expert testimony must meet the test of admissibility set out in Rule 702 of the Federal Rules of Evidence, which reads:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The three components of Rule 702 – qualification, reliability, and helpfulness – guide a court's evaluation of the admissibility of an expert witness. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). District courts act as "gatekeepers" to the admission of expert testimony, ensuring that any and all expert testimony or evidence admitted is not only relevant, but also reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). The test of reliability is a flexible one. *Id.* at 594; *Kumho Tire Co., Ltd., v. Carmichael*, 526 U.S. 137, 141 (1999). "The gatekeeper role . . . is not intended to supplant the adversary system or the role of the jury: '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are

the traditional and appropriate means of attacking shaky but admissible evidence.'" *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1311 (11th Cir. 1999) (quoting *Daubert*, 509 U.S. at 596).

### III. ANALYSIS

DuPont argues that the testimony of Grovenor House's expert witness, June Willcott, P.E., is not reliable because her opinions are primarily based on a review testing data from the "Schüico Project," and related testimony from a DuPont employee, Antonella Arcari. (Def.'s Mot. to Exclude Test. 6 [ECF No. 177]). The data that Ms. Willcott reviewed is referred to as the "Schüico Project" because it is result of testing conducted by DuPont and Schüico International KG. Ms. Arcari was involved with the Schüico tests. (*See* Pl.'s Resp. to Def.'s Mot. to Exclude Test., Ex. "2" at 11 (Arcari Dep. 37:1-7, May 12, 2010) [ECF No. 189-2]). DuPont's position is that the conditions in the Schüico Project are not similar enough to the conditions at the Grovenor House Condominium to justify an extrapolation of the data.

DuPont cites to *General Electric Co. v. Joiner*, 522 U.S. 136 (1997), arguing that "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." (Def.'s Reply 3 [ECF No. 205]) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).[1] Grovenor House responds, pointing out all of the similarities between the conditions in the Schüico Project and the conditions at the Grovenor House Condominium.

---

[1] I am concerned with DuPont's representation of the *Joiner* case in its Reply Brief. DuPont asserts, "the Supreme Court affirmed the reversal by the Court of Appeals of a district court's admission of expert opinion based on the extrapolation of opinions from studies." (Def.'s Reply 3 [ECF No. 205]). This explanation clearly suggests that the Supreme Court determined that the district court improperly admitted the expert testimony based on the extrapolation of opinions. That is not at all what occurred in *Joiner*. The district court excluded expert testimony, the court of appeals applied an improper standard of review, and the Supreme Court reversed the court of appeals' decision. *Joiner*, 522 U.S. at 140. The *Joiner* case stands for the proposition that a district court's ruling on the inclusion or exclusion of expert testimony is reviewed under an abuse of discretion standard. *Id.* at 146.

The purpose of the Schüico Project was to test to "design and develop a . . . unique fixation device by using SentryGlas® Plus' unique feature of adhering to metal." (Def.'s Mot. to Exclude Test., Ex. "C" at 8 (DUPT 2158) [ECF No. 177-8]). The most obvious connection between the Schüico Project and the Grovenor House Condominium is the fact that the Schüico Project lists the Grovenor House Condominium as a current achievement using SGP with metals. (Def.'s Mot. to Exclude Test., Ex. "C" at 12 (DUPT 2162) [ECF No. 177-8]). The Schüico Project and the Grovenor House Condominium both involve the application of SGP, laminated glass manufactured by Longianese, metal attachments, and weathering of the laminated glass. While there are some differences, they are not so great as to justify excluding Ms. Willcott's testimony. The appropriate means of attacking this evidence is for DuPont to engage in vigorous cross-examination, and to present contrary evidence.

### IV. CONCLUSION

Ms. Willcott's expert testimony is sufficiently reliable to allow her to testify at trial. For the reasons explained in this order, it is **ORDERED and ADJUDGED** that the Defendant's Motion to Exclude Testimony of Plaintiff's Expert, June Willcott [ECF No. 177] is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 2nd day of September 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*